Kevin T. Snider, State Bar No. 170988
*Counsel of record*
Michael J. Peffer, State Bar. No. 192265
Matthew B. McReynolds, State Bar No. 234797
PACIFIC JUSTICE INSTITUTE
9851 Horn Road, Suite 115
Sacramento, CA 95827
Tel.: (916) 857-6900
Email:  ksnider@pji.org
        mpeffer@pji.org
        mmcreynolds@pji.org

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOUNTAIN CHRISTIAN FELLOWSHIP, REFUGE CHURCH,<br><br>Plaintiffs,<br><br>v.<br><br>GAVIN NEWSOM, in his official capacity as Governor of California; SONIA ANGELL, in her official capacity as California Public Health Officer; XAVIER BECERRA, in his official capacity as Attorney General of California and DOES 1-50,<br><br>Defendants. | Case No.:<br><br>**VERIFIED COMPLAINT FOR TRO, PRELIMINARY AND PERMANENT INJUNCTIONS AND DECLARATORY RELIEF [42 U.S.C. 1983]**<br><br>[Demand for Jury Trial] |

Verified Complaint

-1-

# INTRODUCTION

1. The Governor and the California Public Health Officer have criminalized core liberties under the First Amendment for religious assemblies but have allowed educational assemblies. This Complaint is brought to temporarily restrain and enjoin the disparate treatment of churches by the Defendants.

# JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343(3)-(4) which confer original jurisdiction on federal district courts in suits to reduce the deprivation of rights, privileges, and immunities secured by the United States Constitution and federal law.

3. The Court has jurisdiction over the request for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure, and includes a request for a speedy decision and an advance on this Court's calendar under FRCP 57.

4. Venue is proper under 28 U.S.C. § 1391(b) because the acts giving rise to the claims alleged herein has occurred, and continues to occur, in the Eastern District of California.

# PARTIES

## Plaintiffs

5. Plaintiff, MOUNTAIN CHRISTIAN FELLOWSHIP, is a religious California corporation established pursuant to section 501(c)(3) of the Internal Revenue Code. It is a church located in the mountains of Calaveras County, in the community of Murphy. The church is not affiliated with a denomination. It holds to the essential teachings of the Christian faith. Mountain Christian Fellowship has the threefold mission of (1) connecting with God, (2) connecting with people, and (3) connecting others with God. The church's website reads in part, "We practice

community by building committed, supportive, life-long, Christ-centered relationships with each other." To this end, MOUNTAIN CHRISTIAN FELLOWSHIP meets each Sunday for worship services at its church building and has various meetings throughout the week for prayer, study of the Bible, and fellowship. Its Sunday morning worship service has an average attendance of 125; on the same morning, but earlier, there is a morning Bible study; the Jr. and Sr. High youth group meets on Monday evenings with 20 young people; a men's Bible study and prayer group meetings on Tuesday mornings with about 13 men; a group called Griefshare meets at the same time with 8 people; mothers of preschoolers meet on the first and third Tuesdays, after the men's group and Griefshare, with 60 attending; on Wednesday mornings there is a ladies' Bible study with 12 women; on Thursdays homeschool classes are conducted from 9:00 a.m. to 3:00 p.m.; on Friday evening there is another men's Bible study and prayer with 18 participants; and on Saturday morning there is also a ladies Bible study, again with 12 women.

6. Plaintiff, REFUGE CHURCH, is a religious California corporation established pursuant to section 501(c)(3) of the Internal Revenue Code. It is a church located in the rural county of Calaveras at Angels Camp. The church is an evangelical church whose mission is to "love; restore; teach; serve our community." To that end, REFUGE CHURCH meets each Sunday for worship with an average attendance of 75 adults and 25 children. In addition, it has other activities throughout the week which include a Wednesday Bible study with 15-20 in attendance; youth group with 15-20 in attendance; prayer meeting with 5-10 attending; men's study with 5-9 in attendance; and women's study with 5-9 attending.

**Defendants**

7. Defendant, GAVIN NEWSOM, is now, and at all times mentioned herein, the Governor of California and holds the supreme executive power per

1  Article V, §1 of the California Constitution.  The Governor, by and through his
2  agents, has enforced and continues to enforce the executive orders subject to
3  constitutional challenge herein.  The acts of the Governor and his agents as
4  described herein were and are done under color of state law.  Governor NEWSOM
5  is sued in his official capacity.

6       8.     Defendant, SONIA ANGELL, is now, and at all times the State's
7  Public Health Officer.  By and through her agents, she has enforced and continues
8  to enforce the orders subject to constitutional challenge herein.  Under the authority
9  of the Governor's Order, as the State Public Health Officer she created California's
10 "Essential Critical Infrastructure Workers," discussed below.  Officer ANGELL is
11 sued in her official capacity.

12      9.     Defendant XAVIER BECERRA is the Attorney General of California
13 and is the chief law enforcement officer with supervision over all sheriffs in the
14 State.  Cal. Const. Art. V, §13.  He is the top executive who enforces the criminal
15 statutes cited in the Governor's executive orders which are the subject of this
16 lawsuit.  Attorney General BECERRA is sued in his official capacity.

17      10.    Plaintiffs are ignorant of the true names and capacities, whether
18 governmental, individual, corporate, associate, or otherwise, of DOES 1 through
19 50, inclusive.  Plaintiffs are informed and believe and thereon allege that each of
20 the fictitiously named Defendants is in some way responsible for or participated in,
21 or contributed to, the matters and things complained of herein, and are legally
22 responsible in some manner therefor.  Plaintiffs will seek leave to amend this
23 Complaint when the true names, capacities, participation, and responsibilities have
24 been ascertained.

## FACTS

26      11.    Plaintiffs are informed and believe and thereon allege that an outbreak
27 of the novel coronavirus (COVID-19) occurred on or about November of 2019, in

the City of Wuhan, People's Republic of China.

12. Plaintiffs are informed and believe and thereon allege that on January 21, 2020, the first case of COVID-19 was reported in the United States.

13. On January 31, 2020, President Donald J. Trump banned incoming flights from China.

14. Individuals began to die in the State of Washington with the Center for Disease Control ("CDC") reporting the first death on February 29, 2020.

15. On March 4, 2020, Governor NEWSOM declared a state of emergency.

16. Plaintiffs are informed and believe and thereon allege that, on March 11, 2020, the World Health Organization declared the virus to constitute a global pandemic. That same day, President Trump banned flights from Europe. Despite these efforts, COVID-19 took hold in the United States.

17. Plaintiffs are informed and believe and thereon allege that, because at the time the lethality of COVID-19 was unknown, on March 16 the President and CDC advised that persons stay in their homes for 15 days.

18. On March 19, 2020, Governor NEWSOM issued Executive Order N-33-20 directing all residents to stay at home, save for those engaged in work necessary for critical infrastructure. This resulted in the prohibition on all assemblies. Churches were required to broadcast religious services over the internet. See, the Public Health Officer's April 28, 2020, list for which describes critical infrastructure which provides, "Clergy for essential support and faith-based services that are provided through streaming or other technologies that support physical distancing and state public health guidelines." *Essential Workforce*, p. 16 at ¶ 16, accessed at: https://covid19.ca.gov/img/EssentialCriticalInfrastructureWorkers.pdf . Later, in filings with the Central District of the Federal District Court in California, the Attorney General represented to the Court that this provision allows churches to

conduct drive-in services.  Gish v. Newsom, 5:20-cv-00755, doc. p. 13-14.  Those persons meeting in assemblies are subject to criminal sanctions, including up to six months incarceration and a fine of $1,000 pursuant to Cal. Gov. Code § 8665.  This order was in every county, without exception.  County sheriffs and police departments are charged with enforcement of the executive orders.

19.  Plaintiffs are informed and believe and thereon allege that the Attorney General has issued guidance for the enforcement of the Governor's orders related to COVID-19 to police departments across California and all county sheriffs.

20.  In accordance with the Governor's order, MOUNTAIN CHRISTIAN FELLOWSHIP and REFUGE CHURCH complied with the executive orders and did not hold in-person services.

21.  As of the date of the filing of this Complaint, the estimated number of persons in California who have contracted the disease is 84,057.  *See* www.COVID19.ca.gov.  The total deaths from the disease in California are 3,436.  *Id*.  As of July 1, 2019, the population of California is 39,512,223.  The percentage of persons in California that have contracted the disease is 0.2%.

22.  Calaveras County has a population of 45,578 per the most recent revised census.  Health officials in Calaveras County have attested that, as of May 12, 2020, there have been thirteen (13) known cases of COVID-19.  There have been no COVID-19 fatalities in the County, and all infected persons have recovered.  There are currently no known cases.  A true and correct copy of the Calaveras County CDPH COVID-19 Attestation Form accompanies this Complaint as though set forth in full and is marked as Exhibit 1.

23.  On April 28, 2020, the California Public Health Officer created an essential workforce list.  Houses of worship did not appear on the list.  *See* the link at ¶ 18.

24.  On May 4, 2020, Governor NEWSOM issued Executive Order N-60-20

(Reopening Plan).  Exhibit 2.  The California Public Health Officer produced supporting documents pursuant to the Reopening Plan which includes County Variance Attestations (*see* Calaveras County's Attestation) and a Resilience Roadmap.  These documents can be viewed at https://covid19ca.gov/roadmap/ and https://www.cdph.ca.gov/Programs/CID/DCDC/Pages/COVID-19/Local-Variance-Attestations.aspx.

25. The Reopening Plan has four stages.  Schools can be opened during Stage 2.  Churches cannot be opened during Stage 2, but must wait until Stage 3 to open.  See *Update On California's Pandemic Roadmap*, Exhibit 3.  Also accessed at: https://www.gov.ca.gov/wp-content/uploads/2020/04/Update-on-California-Pandemic-Roadmap.pdf

26. Calaveras County Health officials submitted the Attestation Form for the required variance application. (Exh. 1).  County officials provided the maximum level of opening for Stage 2 as allowed by law.  The Attestation Form reads, in pertinent part, as follows:  "Upon submittal of this attestation, Calaveras County intends to move through Stage 2 **in entirety**." Emphasis added.

27. The differentiation between opening a schoolhouse in Stage 2 and opening a church at Stage 3 is not a neutral law of general applicability.  Although keeping the public safe during a pandemic constitutes a compelling state interest, there is no rational basis, much less a compelling state interest, to differentiate between persons meeting at a schoolhouse and persons meeting at a church.  Differentiating between school and church gatherings is not narrowly tailored, nor does such use the least restrictive means.  Instead of treating the sheep and the goats differently, the Defendants could put in place identical health and safety rules for the two types of institutions, e.g., social distancing, masks, hand sanitizers, etc.  Whatever modifications or other conditions placed on schools, can be applied to churches in the same manner.

# FIRST CAUSE OF ACTION:
## Free Exercise of Religion
*All Plaintiffs Against All Defendants*
**(42 U.S.C. § 1983)**

28. Plaintiffs hereby incorporate the foregoing paragraphs as though fully set forth herein.

29. Based on biblical mandates and traditions reaching back two millennia in the Christian faith, the congregations of MOUNTAIN CHRISTIAN FELLOWSHIP and REFUGE CHURCH meet regularly – in person – on Sundays to hold worship services. Personally gathering together constitutes the local expression of the body of Christ and thus is required by their faith. Not being able to exercise their religion through the in-person gatherings described herein substantially burdens the practice of the faith of MOUNTAIN CHRISTIAN FELLOWSHIP and REFUGE CHURCH.

30. In addition, other meetings are held during the week such as youth, men's, and women's meetings. Such meetings are clearly religious gatherings in that they often include elements such as prayer, reading from Scriptures, singing, teaching, and fellowship.

31. The right to hold worship services is a religious exercise protected by the First Amendment to the United States Constitution.

32. The actions of the Defendants, and each of them, have prohibited, and continue to prohibit, these in-person gatherings, thus severely interfering with the free exercise of their religion, thereby causing irreparable injury.

33. Plaintiffs have no adequate remedy at law.

# SECOND CAUSE OF ACTION:
## Freedom of Peaceful Assembly
*All Plaintiffs Against All Defendants*
**(42 U.S.C. § 1983)**

34. Plaintiffs hereby incorporate the foregoing paragraphs as though fully set forth herein.

35. The right to peacefully assemble to hold worship services is protected by the First Amendment.

36. The actions of the Defendants, and each of them, have prohibited, and continue to prohibit, these in-person gathering, thus severely interfering with the right to assembly, thereby causing irreparable injury.

37. Plaintiffs have no adequate remedy at law.

### THIRD CAUSE OF ACTION:
### Freedom of Speech
### (42 U.S.C. § 1983)

38. Plaintiffs hereby incorporate the foregoing paragraphs as though fully set forth herein.

39. Freedom of speech is protected by the First Amendment.

40. Schools and churches are essentially expression-based institutions. The Reopening Plan allows persons and institutions to gather for the purpose of educational expression during Stage 2. In contrast, the Reopening Plan prohibits persons and institutions from gathering for the purpose of religious expression during Stage 2. Such persons and institutions must wait until Stage 3.

41. But for the type of expression involved, all other material factors are identical. Both are gatherings with someone making a presentation – one a teacher and one a preacher. Schools typically have a music program of some kind, whether it be choir, orchestra, or guitar class. Churches customarily have music, whether choir, a modern ensemble, or congregational signing.

42. By the preferential treatment given to educational discourse in a schoolhouse over religious discourse in a church building, the Reopening Plan presents a content and/or viewpoint-based restriction on speech.

43. The actions of the Defendants, and each of them, have deprived, and continue to deprive, the churches of their freedom of speech, thereby causing irreparable injury.

44. Plaintiffs have no adequate remedy at law.

### FOURTH CAUSE OF ACTION:
### Equal Protection
### (42 U.S.C. § 1983)

45. Plaintiffs hereby incorporate the foregoing paragraphs as though fully set forth herein.

46. Under the Reopening Plan, gatherings for the purpose of education are allowed to open during Stage 2. Yet gatherings for the purpose of religious worship are not.

47. Even though religious assemblies could meet under identical conditions as schools, the Defendants allow the latter but prohibit – under pains of incarceration – the former. Educational gatherings and religious gatherings are similarly situated comparators. Save for mission and the content of communications, the physical attributes of assemblies for schools and churches are the same.

48. MOUNTAIN CHRISTIAN FELLOWSHIP and REFUGE CHURCH are not seeking preferential treatment. They seek equal treatment.

49. The actions of the Defendants, and each of them, have deprived, and continue to deprive, the churches of the equal protection of the laws, thereby causing irreparable injury.

50. Plaintiffs have no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully pray that the Court grant:

1. An order temporarily restraining Defendants, and their agents, from

enforcing restrictions on the opening of churches and similar houses of worship during Stage 2 of the Reopening Plan;

2. An order declaring that the portion of the Reopening Plan which requires churches and similar houses of worship to wait until Stage 3 but allows schools to open during Stage 2 is unconstitutional, both on its face and as applied, under the free exercise of religion clause of the First Amendment;

3. An order declaring that the portion of the Reopening Plan which requires churches and similar houses of worship to wait until Stage 3 but allows schools to open during Stage 2 is unconstitutional, both on its face and as applied, under the right to peaceful assembly of the First Amendment;

4. An order declaring that the portion of the Reopening Plan which requires churches and similar houses of worship to wait until Stage 3 but allows schools to open during Stage 2 is unconstitutional, both on its face and as applied, under the free speech clause of the First Amendment;

5. An order declaring that the portion of the Reopening Plan which requires churches and similar houses of worship to wait until Stage 3 but allows schools to open during Stage 2 is unconstitutional under the equal protection clause of the Fourteenth Amendment on its face and as applied;

6. An order preliminarily enjoining Defendants, and their agents, from enforcing the restrictions on the opening of churches and similar houses of worship during Stage 2 of the Reopening Plan;

7. An order permanently enjoining Defendants, and their agents, from enforcing the restrictions on the opening of churches and similar houses of worship during Stage 2 of the Reopening Plan;

8. All relief of whatever kind available under FRCP 56;

9. Reasonable attorneys' fees pursuant to 42 U.S.C. § 1988(b) and other applicable statutes;

10. Costs incurred as a result of Defendants' actions and this lawsuit; and,

11. Other and further relief as the Court deems just and proper.

Dated: May 21, 2020

                                      /s/ Kevin T. Snider
                                      Kevin T. Snider
                                      *Counsel of Record*
                                      Michael J. Peffer
                                      Matthew B. McReynolds
                                      Attorneys for the Plaintiffs

# VERIFICATION

I, Bart Rush, am the senior pastor chief executive officer of Mountain Christian Fellowship which is a Plaintiff in the above-captioned matter. I have read the VERIFIED COMPLAINT FOR TRO, PRELIMINARY AND PERMANENT INJUNCTIONS AND DECLARATORY RELIEF and am familiar with same. The contents are true and accurate and known to me by personal knowledge except for those matters asserted on information and belief. As to those matters, I believe them to be true.

I declare under penalty of perjury, under the laws of the United States and the State of California, that the foregoing is true and correct. Executed this twenty-first day of May, 2020, in the County of Calaveras, State of California.

*Bart Rush* (signature)
Bart Rush

# VERIFICATION

I, Shawn McCamey, am the senior pastor chief executive officer of Refuge Church which is a Plaintiff in the above-captioned matter. I have read the VERIFIED COMPLAINT FOR TRO, PRELIMINARY AND PERMANENT INJUNCTIONS AND DECLARATORY RELIEF and am familiar with same. The contents are true and accurate and known to me by personal knowledge except for those matters asserted on information and belief. As to those matters, I believe them to be true.

I declare under penalty of perjury, under the laws of the United States and the State of California, that the foregoing is true and correct. Executed this twenty-first day of May, 2020, in the County of Calaveras, State of California.

Shawn McCamey

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a jury trial on all causes of action and claims to which they have a right to a jury trial.

/s/ Kevin T. Snider
Kevin T. Snider
*Counsel of Record*
Michael J. Peffer
Matthew B. McReynolds

Attorneys for the Plaintiffs
